# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cenveo Corp.,

      PLAINTIFF,

v.

Southern Graphic Systems, et al.,

      DEFENDANTS.

CIVIL NO. 08-5521 (JRT/AJB)

**ORDER OPINION**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Defendants' Amended Motion to Compel Disclosure [Docket No. 79]. A hearing was held on the motion on November 9, 2009. Richard Busch appeared on behalf of Plaintiff. Frederick Finch and Jeffrey Mulder appeared on behalf of Defendants.

Defendants served Plaintiff with Requests for Production of Documents. (Decl. of Norrie, Ex. C, Oct. 26, 2009.) Within their Requests, Defendants defined "document" as including "electronically stored information in its native format." (*Id.*) The Defendants specifically stated, with regards to their first request, "Defendant requests that these documents be produced in native format with all attachments in native format." (*Id.*) The remainder of the requests refer to "documents." (*Id.*)

Defendants request relief from this Court because Plaintiff has not produced any electronically-maintained documents in native format and because Plaintiff had not provided an index to the documents that it has produced. [Docket No. 82.] Defendants contend that Plaintiff has produced documents as Adobe portable document format (.pdf) images, which is not the native format of the documents sought. At the hearing, Defendants stated that Plaintiff has

provided an index to the documents, but the index reveals that Plaintiff has not produced documents related to Requests 1, 2, 4, and 5.

Plaintiff contends that its production satisfies Defendants' Requests, which begins by stating that production shall comply with Rules 26 and 34. Plaintiff contends that Defendants did not define "native format," and therefore, the .pdf format was an acceptable form of production. (Pl.'s Mem. 6, Nov. 4, 2009.) Plaintiff points to a provision of the Federal Rules, which states: "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(F)(ii).

This Court concludes that Plaintiff neither complied with Defendants' Requests nor with the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(1)(C) permits a party's document request to "specify the form or forms in which electronically stored information is to be produced." This Court reads Defendants' Requests to have specified the form or forms to be each document's "native format." And this Court concludes that the term "native format" is unambiguous.

The term "native format" has been frequently used in cases. *See, e.g.*, *Aguilar v. Immigration and Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 353 n.4 (S.D.N.Y. 2008) (stating that "native format" is the "default format of a file," access to which is "typically provided through the software program on which it was created"); *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 248 F.R.D. 556, 557 (N.D. Ill. 2008) (defining "native format" as "the way [the document] is stored and used in the normal course of business"); *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 547 (D. Md. 2007) (stating that native format "includes the metadata for the electronic document"). Likewise,

although Bryan A. Garner has yet to define "native format," the term is frequently used in secondary materials that are readily available and familiar to attorneys. *See* 23 Am. Jur. 2d *Depositions and Discovery* § 156 (May 2009) (stating that "[w]hen a party is ordered to disclose electronic documents as they are maintained in ordinary course of business, i.e. as 'active file' or in 'native format,' producing party should produce electronic documents with their metadata intact"); Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8A Fed. Prac. & Proc. § 2219 (3d ed. 2009) (stating that "electronically stored information with metadata and embedded data intact may be said to be in 'native format'" and stating, in reference to Fed. R. Civ. P. 34(b), that "[t]he 'ordinarily maintained' form may often be 'native format'"); Adam I. Cohen & David J. Lender, *Electronic Discovery Law & Practice* § 2.06[B][3] (2009 Supp.) (stating, under the section heading "Native Format," that "requesting parties are often insisting on production of electronically stored information in native format and their wishes are being granted by courts"); Barbara J. Rothstein, Ronald J. Hedges & Elizabeth C. Wiggins, *Managing Discovery in Electronic Information: A Pocket Guide for Judges* 23-24 (2007) (stating that "[c]omputer systems commonly identify files by a naming convention that denotes the native format"); Fed. Jud. Ctr., *Manual for Complex Litigation* § 11.446 (4th ed. 2004) (stating that "[d]ynamic data may need to be produced in native format, or in a modified format in which the integrity of the data can be maintained while the data can be manipulated for analysis"); Kenneth J. Withers, *Electronically Stored Information: The December 2006 Amendments to the Federal Rules of Civil Procedure*, 7 Sedona Conf. J. 1, 13 (Fall 2006) (discussing "native format" extensively and stating "[t]he files in native formats are dynamic, and behave the way they do in the active business environment"); *see generally* J. Michael Rediker, *E-mail and Document*

*Production in Native Format*, 767 Prac. Law. Inst. 195 (Nov. 2007). Thus, this Court concludes that the request was unambiguous.

But requests for documents in their native format may be overbroad or unduly burdensome. Thus, Rule 34 provides that "[i]f the responding party objects to a requested form — or if no form was specified in the request — the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D). The advisory committee notes state:

> In the written response to the production request that Rule 34 requires, the responding party *must state* the form it intends to use for producing electronically store information if the requesting party does not specify a form or if the responding party objects to a form that the requesting party specifies. *Stating the intended form before the production occurs may permit the parties to identify and seek to resolve disputes before the expense and work of the production occurs.*

Fed. R. Civ. P. 34 Advisory Comm. Notes 2006 Amend., Subd. (b) (emphasis added).

In the present case, Plaintiff failed to object to producing the documents in their native format and failed to state the form or forms it intended to use.[1] (Cenveo Corp.'s Resp. Sept. 21, 2009). Instead, Plaintiff produced the documents in a .pdf form.

This Court concludes that Defendants' Requests are not overbroad or unduly burdensome, and given that Plaintiff has failed to present any argument as to why it could not comply with Defendants' discovery request as it was originally formulated and why it could not comply with Fed. R. Civ. P. 34(b)(2)(D), this Court concludes that production in native format is warranted. Therefore, this Court orders that Plaintiff shall produce (and reproduce as is necessary) complete, nonprivileged documents responsive to Defendants' Second Set of Request

---

[1] In fact, despite Plaintiff's contention that it viewed "native format" to be an ambiguous term, it did not request Defendants' definition of "native format" until after it produced the documents in non-native format. *See* (Def.'s Mem. Ex. E, Oct. 26, 2009.)

to Plaintiff for Production of Documents and said documents shall be produced to Defendants in their native format.

To the extent that Defendants request a new index, Defendants' motion is denied as moot. But Plaintiff shall provide indexing as is required by the Federal Rules of Civil Procedure to the extent that its production as required by this Order differs from the index previously provided.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Defendant's Amended Motion to Compel Disclosure [Docket No. 79] is **GRANTED IN PART** and is **DENIED IN PART AS MOOT** as provided herein.

Dated: 11/18/09

                                                                                        s/ Arthur J. Boylan
                                                                                        Arthur J. Boylan
                                                                                       United States Magistrate Judge