UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CENVEO CORP., | Civil No. 08-5521 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| SOUTHERN GRAPHIC SYSTEMS, INC., MIKE AUSTIN, SHAWN AUSTIN, TOM AUSTIN, PAUL PEDERSON, EMILY RYAN, and SUSAN SPEARS, | |
| Defendants. | |

Richard S. Busch, **KING & BALLOW LAW OFFICES**, 315 Union Street, Suite 1100, Nashville, TN 37201; and Jonathan S. Parritz and Haley N. Schaffer, **MASLON EDELMAN BORMAN & BRAND, LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402 for plaintiff;

Frederick E. Finch, Jonathan P. Norrie, and Jeffrey R. Mulder, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707 for defendants.

This matter is before the Court on plaintiff's and defendants' timely appeal from and objections to an Order and a Report and Recommendation issued by United States Magistrate Judge Arthur J. Boylan on June 18, 2010. (Docket No. 252.) After *de novo* review of those portions of the Report and Recommendation to which parties object, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b), and "clear error" review of the Order, *see* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2, the Court overrules the objections,

affirms the Order, and adopts the Report and Recommendation for the reasons stated below.

**BACKGROUND**

This case arises from defendant Southern Graphic Systems, Inc.'s ("SGS") hiring of individual defendants Mike Austin, Shawn Austin, Tom Austin, Paul Pederson, Emily Ryan, and Susan Spears (collectively, "individual defendants").[1] Plaintiff Cenveo Corporation ("Cenveo") had employed the individual defendants immediately prior to their employment at SGS. Cenveo brought an action against defendants alleging claims for tortious interference with business relationships, misappropriation of trade secrets, and unfair competition as a result of SGS' hirings of the individual defendants. On February 26, 2010, Cenveo filed a Motion for Default Judgment, (Docket No. 148), and the Magistrate Judge scheduled a hearing on the motion for April 16, 2010.

In its Motion for default judgment, Cenveo requested that the Magistrate Judge find that the defendants had (1) intentionally destroyed documents; (2) intentionally failed to preserve documents; (3) intentionally failed to produce documents; (4) intentionally failed to search for documents; (5) made false statements within discovery responses and declarations; and (6) committed perjury. As a sanction for that conduct, Cenveo requested that the Court issue default judgment in its favor. (Mem. in Supp. of Mot. for Default J. at 1, 38, Docket No. 154.)

---

[1] The Court refers to SGS and the individual defendants collectively as "defendants."

On the eve of the hearing, Cenveo sent the Magistrate Judge a letter via e-mail asking him to consider an attached declaration. The declaration was a sworn statement from a former SGS employee, John O'Donnell, which supported Cenveo's perjury claims. SGS objected, arguing that the letter and attachment violated the time limits imposed by D. Minn. LR 7.1. Defendants requested via email and at the hearing that the letter and attachment be struck from the record.

The Magistrate Judge granted defendants' motion to strike based on Cenveo's late filing of the letter and its history of late filings. The Magistrate Judge's Order detailed more than half a dozen instances in which Cenveo had filed last minute letters, memoranda, and evidence just prior to motion hearings. (Order on Mot. to Strike and Report and Recommendation, Docket No. 236.) Cenveo appeals the Order granting the Motion to Strike, arguing that the Magistrate Judge clearly erred in excluding the letter and declaration. (Obj. of Pl. to Report and Recommendation at 6, Docket No. 252.) Cenveo contends that although it filed the letter outside the time limits imposed by the Local Rules, the untimeliness of the filing was excusable because Cenveo was attempting to bring fraud to the attention of the Court. (*Id.* at 5-6); *see* Minn. R. of Prof'l Responsibility 3.3; Fed. R. Civ. P. 60.

The Magistrate Judge also issued a Report and Recommendation on the Motion for Default Judgment recommending that the Court impose a $100,000 fine on SGS. The sanction was a result of a finding of spoliation of evidence by SGS in the actions of its CFO, Jim Dahmus. (Order on Mot. to Strike and Report and Recommendation, Docket No. 236.) The Magistrate Judge selected the sanction based on two factors: the date on

which SGS anticipated litigation and that Dahmus admitted to destroying evidence on his computer after that date.

The Magistrate Judge determined that SGS' duty to preserve evidence arose on or around August 21, 2008. (Order on Mot. to Strike and Report and Recommendation at 22, Docket No. 236.) In particular, the Magistrate Judge found that the CEO of SGS, Hank Baughman, told other SGS employees he was concerned about a lawsuit on or around that date, and that Mike Austin negotiated coverage of legal fees as a portion of his compensation package around that date. (*Id.*) As a result, the Magistrate Judge evaluated the actions of Dahmus after that date. Dahmus admitted he deleted all his emails as a regular practice but also knowing that the hiring of Mike Austin could lead to litigation. (Dec. Busch, Ex. 15 at 85:1.) He further stated that no one within SGS told him to stop deleting emails. (*Id.*) The Magistrate Judge therefore imputed to SGS the intent to destroy evidence. (*Id.* at 20 n.8.) The Magistrate Judge found Katie Langdon and Bill Klocke did not intentionally destroy evidence because they were under no obligation to save drafts of documents or rough notes that were later replaced by new notes. (*Id.* at 23-24).

The Magistrate Judge determined that Cenveo did not establish that Langan, Dahmus, Klocke, Mike Austin, Shawn Austin, or Susan Spears committed perjury. Cenveo's claims of perjury focused on inconsistent statements by the defendants in their depositions, declarations, and interrogatories and asserted that other witnesses' statements proved those inconsistencies were perjurous. At the same time, Cenveo argued that other statements by those witnesses were false and should be disregarded.

The Magistrate Judge concluded that while the evidence raised issues of credibility it did not establish perjury. (*Id.* at 16)

The Magistrate Judge dismissed Cenveo's claim that SGS intentionally failed to search for documents, finding that Cenveo had consented to and approved the key-word computer search SGS employed. (*Id.* at 24-27.)

Both parties filed objections to the Report and Recommendation. Cenveo argues: (1) the Magistrate Judge erred in finding Cenveo had not met its burden of proof on perjury, (Cenveo's Obj. at 7-9, Docket No. 252), (2) the Magistrate Judge erred in finding SGS properly produced electronic documents based on a key word search of their computers, (*id.* at 10-12), (3) the Magistrate Judge erred in not finding both Langdon and Klocke intentionally destroyed documents, (*id.* at 9-10), and (4) the Magistrate Judge's recommended sanction of $100,000 is inadequate (*id.* at 13).

SGS argues that the $100,000 sanction is too severe and asserts that even if Cenveo can establish spoliation defendants destroyed documents without the intent necessary to support the sanction. (SGS' Obj. at 10, Docket No. 251.)

## DISCUSSION

**A.  Cenveo's Appeal of the Order to Strike**

The standard of review applicable to an appeal of a Magistrate Judge's Order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an Order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

D. Minn. LR 72.2(a). The Magistrate Judge discussed the multiple instances in which Cenveo filed last minute letters, memoranda, and exhibits with the Court to which defendants' timely objected. (Order on Mot. to Strike and Report and Recommendation at 2-5, 6, Docket No. 236.) The Court agrees with the Magistrate Judge's determination that Cenveo has repeatedly disregarded the Local Rules. In light of Cenveo's prior actions before the Court, and in the interest of maintaining efficiency and preventing prejudice to the opposing party, the Court concludes that the Magistrate Judge did not clearly err in granting the motion to strike. The Court affirms the Order.

**B.     Objections to the Report and Recommendation**

**1.     Burden of Proof for Perjury**

Cenveo objects to the Magistrate Judge's determination that Cenveo failed to prove perjury. Cenveo argues that the Magistrate Judge did not address all of the evidence Cenveo presented in its motion. In particular, Cenveo claims that the Magistrate Judge did not consider evidence regarding Langan, O'Donnell, Klocke, Dahmus, and Austin's alleged perjury. (Cenveo's Obj. at 7-9, Docket No. 252.) The Report and Recommendation, however, discusses many of the allegations of perjury at great length. (Order on Mot. to Strike and Report and Recommendation at 12-16, Docket No. 236.) Moreover, the relevant issue is whether the alleged perjury, if proven, was sufficiently egregious to warrant the ultimate sanction of default judgment.

> The most severe sanction available to the Court is default and dismissal. This is an extreme measure, reserved only for the most egregious offenses against an opposing party or a court. The Court must consider default and

dismissal as a last resort if no alternative remedy by way of a lesser, but equally efficient, sanction is available.

*Capellupo v. FMC Corp.*, 126 F.R.D. 545, 552 (D. Minn. 1989). Given the severity of a default judgment sanction, the facts justify the Magistrate Judge's determination that such a sanction was too severe.

### 2. Failure to produce documents

The Court's review of the agreements between Cenveo and SGS support the Magistrate Judge's determination that Cenveo did not meet their burden of showing SGS failed to adhere to the discovery agreements between the parties. (*See generally* Decl. Schnabel, Docket No. 189-4.)

### 3. Spoliation of evidence

Spoliation is the intentional destruction of evidence with the intent to hide the truth and a court can impose sanctions when there is resulting prejudice to the opposing party. *See Insignia Sys., Inc. v. News Am. Mktg. In-Store, Inc.*, No. 04-4213, 2009 WL 483850, at *3 (D. Minn. Feb 25, 2004). Cenveo argues the monetary sanction is not an adequate remedy given the nature of the defendants' actions. (Cenveo's Obj. at 13, Docket No. 252.) SGS argues that Cenveo has not established Dahmus intended to destroy relevant evidence and hide the truth, and, in the alternative, SGS argues the $100,000 fine is too severe a sanction given the Magistrate Judge's findings, the law of sanctions, and sanctions of this type in other cases and jurisdictions. (SGS' Obj. at 10-12, Docket

No. 251.) Essentially, the parties argue that on the continuum of allowable sanctions by the Court, the Magistrate Judge did not strike the appropriate balance.

The dispute centers on when the defendants should have anticipated litigation such that their duty to preserve evidence arose. The Magistrate Judge concluded that by August 21, 2008 the defendants reasonably anticipated litigation. (Order on Mot. to Strike and Report and Recommendation at 22, Docket No. 236.) The Magistrate Judge's finding was based on evidence that Dahmus admitted destroying evidence to defeat litigation, and evidence that Mike Austin's employment package, which included compensation for anticipated litigation, was drafted on or about that time. (*Id.* at 17-22) The Magistrate Judge determined that only Dahmus intentionally destroyed documents, but that since all the defendants and other witnesses were still available for questioning, the prejudice suffered by Cenveo was sufficiently mitigated to avoid the most severe sanction. (*Id.* at 27.) A thorough review of the record demonstrates that the Magistrate Judge's determination was not in error. The Court is not persuaded that examples of sanctions in other courts addressing different circumstances should guide the Court's determinations here. Rather, the Court's focus is on defendants' conduct in this case, on the prejudice suffered by Cenveo as a result of the spoliation of evidence, and on the principle of deterring similar, future behavior by defendants and other litigants.[2]

---

[2] The Magistrate Judge made a finding that Cenveo had unclean hands and this is finding was a factor in its choice of sanction. (Order on Mot. to Strike and Report and Recommendation at 27, Docket No. 236 ("This Court's consideration of the appropriate sanction is colored by the fact that Plaintiff comes to this Court with unclean hands."); *see also id.* at 6.) It is unclear to the Court how the doctrine of unclean hands impacts the appropriate sanction. Regardless, for the

(Footnote continued on next page.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff Cenveo's objections [Docket No. 252] and defendant Southern Graphic Systems' objections [Docket No. 251] and **AFFIRMS and ADOPTS** the Order and Report and Recommendation of the Magistrate Judge dated June 16, 2010 [Docket No. 236].

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 148] is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's motion is **GRANTED** to the extent that this Court finds that defendant Southern Graphic Systems, Inc. intentionally destroyed evidence, by virtue of the fact that Jim Dahmus intentionally destroyed evidence, and that the destruction of evidence prejudiced plaintiff. Defendant Southern Graphic Systems, Inc. is **ORDERED** to pay to plaintiff Cenveo Corp. one hundred thousand dollars ($100,000.00) as a sanction for the destruction of evidence.

2. Plaintiff's motion is **DENIED** in all other respects.


DATED: September 30, 2010  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge

_____
(Footnote continued.)

reasons discussed above, the Court finds that a sanction of $100,000 is appropriate under the circumstances.