# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CENVEO CORP., | Civil No. 08-5521 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING** |
| SOUTHERN GRAPHIC SYSTEMS, INC., MIKE AUSTIN, SHAWN AUSTIN, TOM AUSTIN, PAUL PEDERSON, EMILY RYAN, and SUSAN SPEARS, | **ORDER OF MAGISTRATE JUDGE** |
| Defendants. | |

Richard S. Busch, **KING & BALLOW LAW OFFICES**, 315 Union Street, Suite 1100, Nashville, TN 37201; and Jonathan S. Parritz, **MASLON EDELMAN BORMAN & BRAND, LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, for plaintiff.

Frederick E. Finch, Jonathan P. Norrie, and Jeffrey R. Mulder, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707, for defendants.

This matter is before the Court on plaintiff Cenveo Corp.'s ("Cenveo") timely appeal from an order issued by United States Magistrate Judge Arthur J. Boylan on June 18, 2010 regarding a motion to strike and a motion to amend the second amended complaint to add claims for punitive damages. (Docket No. 266.) After "clear error" review of the order pursuant to 28 U.S.C. § 636(b)(1)(A) and D. Minn. L.R. 72.2, the Court affirms the order because Cenveo failed to meet its evidentiary burden so as to amend.

**BACKGROUND**

This case arises from Southern Graphic Systems, Inc.'s ("SGS") hiring of Mike Austin, Shawn Austin, Tom Austin, Paul Pederson, Emily Ryan, and Susan Spears ("individual defendants" and collectively with SGS, "defendants"). Cenveo had employed the individual defendants immediately prior to their employment at SGS. Cenveo brought an action against defendants alleging claims of tortious interference with business relationships, misappropriation of trade secrets, and unfair competition as a result of SGS' hiring of the individual defendants. On March 8, 2010, Cenveo filed a Motion to Amend the Second Amended Complaint to Add Claims for Punitive Damages (Docket No. 164), and the Magistrate Judge held a hearing on the motion on March 31, 2010 as required by Minnesota Statute § 549.191. On the day of the hearing and the day after, plaintiff sent submissions to the Court that defendants moved at the hearing to strike as violative of the local rules. The Magistrate Judge denied the Motion to Amend and granted the Motion to Strike plaintiff's submissions to the Court, but for two pages of what was later filed as Docket No. 205 which contained lists of typographical errors and citation corrections for previous memoranda.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it

is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This "clearly erroneous" standard applies to motions to amend for punitive damages pursuant to Minnesota Statute § 549.191.  *See, e.g.*, *Ansari v. NCS Pearson, Inc.*, No. 08-5351, 2009 WL 2337137, at *8, *12 (D. Minn. July 23, 2009).

## II.   SUMMARY JUDGMENT ORDER

As an initial matter, the Court notes that in the interim period between the Magistrate Judge's order and this Order, the Court has granted summary judgment to defendants on all but Counts I (breach of the duty of loyalty), III (tortious interference with clients), and IV (unjust enrichment); and on these counts the only remaining defendants are Mike Austin, Emily Ryan, and SGS.  As a result, the Court considers moot all objections based on the additional counts in the complaint or regarding the dismissed defendants.

## III.  PLAINTIFF'S OBJECTIONS

### A.   Prima Facie Standard

Cenveo objects that the Magistrate Judge incorrectly applied the prima facie standard for a motion to amend for punitive damages. Minnesota's punitive damages statutes allow such damages "only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others."  Minn. Stat. § 549.20.  A party cannot claim such damages upon commencement of the action, rather it must move to amend after filing, properly alleging the legal basis and include affidavits showing the factual basis.  *Id.* § 549.191.  "[I]f the court finds prima facie evidence in

support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages." *Id.*

> Under the strictures of Section 549.191, the Court reviews the evidence in support of a Motion to Amend as the Court would review a Motion for a Directed Verdict. Thus, as we have observed in prior cases, in reaching such a determination, the Court makes no credibility rulings, and does not consider any challenge, by cross-examination or otherwise, to the plaintiff's proof.

*Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004, 1008 (D. Minn. 2003).

Cenveo argues that the Magistrate Judge should not have weighed the evidence but rather taken all inferences in a light most favorable to the plaintiff. However, the Minnesota Supreme Court has advised that "presented with a motion to permit assertion of a punitive damage claim, the function of the trial court is to do more than 'rubber stamp' the allegations in the motion papers. Rather, the judge must ascertain whether there exists prima facie evidence that the defendants acted with 'willful indifference.'" *Shetka v. Kueppers, Kueppers, Von Feldt & Salmen,* 454 N.W.2d 916, 918 n.1 (Minn. 1990). Further, the role of the trial court in allowing for punitive damages is to "view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986). In this case, therefore, Cenveo needed to present "clear and convincing evidence that the acts of the defendant[s] show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20. After a careful review of the evidence presented, the Court concludes that the Magistrate Judge did not "clearly err" in determining the evidence before it on the motion did not meet this evidentiary burden and therefore did not meet the prima facie standard.

### B. Deliberate Disregard

Cenveo argues that the Magistrate Judge erred in not finding deliberate disregard for its rights in the actions of Mike Austin, Emily Ryan, and SGS. In the allegations that survive: Mike Austin gave information to SGS, while still employed by Cenveo, to allow him to move to SGS and take the Target account with him (Order at 6–7, Docket No. 266); Emily Ryan sent a farewell e-mail to her clients at Target Corporation before her employment had ended with Cenveo telling them she was leaving for SGS along with the rest of the Cenveo team (*id.* at 8–9); and SGS actively sought to take the Target account. (*Id.* at 5.)

The Minnesota Supreme Court has determined that in assessing "deliberate disregard," a court must evaluate the issue by focusing on the conduct of defendants rather than the injuries sustained by plaintiff as a result of defendants' conduct:

> The purposes of punitive damages are to punish the perpetrator, **to deter repeat behavior and to deter others from engaging in similar behavior**. Without punitive damages, one who acts with deliberate disregard of the rights or safety of others faces no greater penalty than a well-meaning but negligent offender. It is therefore appropriate, in determining whether punitive damages should be allowed, to focus on the wrongdoer's conduct rather than to focus on the type of damage that results from the conduct.

*Jensen v. Walsh*, 623 N.W.2d 247, 251 (Minn. 2001) (emphasis added) (internal citations omitted).

Here, Mike Austin was working to obtain better employment, Emily Ryan sent an email to clients informing them of her change in employment, and SGS was looking to compete in the market. While the claims that arose from these actions survived a motion

for summary judgment, the Magistrate Judge accurately assessed the record as devoid of evidence of deliberate disregard sufficient to sustain a claim for punitive damages. Additionally, since a purpose of the statute is to deter future behavior – and deterring at-will employees from seeking better positions or businesses from competing with one another is not a proper purpose – this Court does not find "clear error" in the Magistrate Judge's order. *See Oak Park Dev. Co., Inc. v. Snyder Bros. of Minn., Inc.*, 499 N.W.2d 500, 506 (Minn. Ct. App. 1993) (finding no improper action in the termination of an at-will contract when the party received a "superior offer"); *United Wild Rice, Inc. v. Nelson*, 313 N.W.2d 628, 633 (Minn. 1981) ("Competition is favored in the law."). Further, a farewell email to clients is not evidence of deliberate disregard.

### C.    Failure to Follow the Local Rules

The Magistrate Judge, in addition to finding the motion to amend failed on its merits, denied the motion based on plaintiff's failure to follow the local rules. Cenveo objects that this is too drastic a remedy for its failure. According to Cenveo, it submitted letters to the Court only to bring errata to the attention of the Court.

The Court finds no error in denying the motion to amend on this alternative ground. *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.")  Further, as regards the errata, the Magistrate Judge acknowledged the benefit of bringing such errors to the Court's attention (Order at 12, Docket No. 266), and did not strike those portions of the letters that achieved this

result.  The Court only struck the remainder of plaintiff's submissions for violating the local rules.  D. Minn. L.R. 7.1(a)(1), (2).  As a result, this action does not constitute "clear error."  As a result, the Court affirms the Magistrate Judge's order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **AFFIRMS** the Magistrate Judge's Order dated June 18, 2010 [Docket No. 266]. **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend the Complaint to Add Punitive Damages [Docket No. 164] is **DENIED**; and

2. Defendants' Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**.  All exhibits within Docket No. 205 are stricken from the record with the exception of the first two pages: 1) a list of "Typographical Errors" and, 2) a list of "Citation Errors."

DATED:  May 4, 2011  
at Minneapolis, Minnesota.

                                                           ____s/ John R. Tunheim_____  
                                                              JOHN R. TUNHEIM  
                                                            United States District Judge