# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CENVEO CORP., | Civil No. 08-5521 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION** |
| SOUTHERN GRAPHIC SYSTEMS, INC., MIKE AUSTIN, SHAWN AUSTIN, TOM AUSTIN, PAUL PEDERSON, EMILY RYAN, and SUSAN SPEARS, | |
| Defendants. | |

Richard S. Busch, **KING & BALLOW LAW OFFICES**, 315 Union Street, Suite 1100, Nashville, TN 37201; Jonathan S. Parritz and Leora Maccabee, **MASLON EDELMAN BORMAN & BRAND, LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402 for plaintiff.

Frederick E. Finch and Jeffrey R. Mulder, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707 for defendants.

On March 25, 2011, this Court issued its order on defendants' motion for summary judgment, granting it in part and denying it in part. In particular, the Court denied summary judgment to defendants on plaintiff Cenveo Corporation's ("Cenveo") claim of breach of the duty of loyalty as it regarded Mike Austin. Defendants Southern Graphic Systems, Inc. ("SGS") and Mike Austin (collectively, "defendants") request leave to file a motion to reconsider, arguing the conclusion that a jury could find a breach of the duty of loyalty was not supported by the record. Since the Court finds the record does support such a finding, the request is denied.

A motion to reconsider under Local Rule 7.1(h) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(h). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (internal quotation marks omitted) (noting that such a motion is warranted when "evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case.").

Defendants request reconsideration, arguing that three facts utilized by the Court are not supported by the record.[1] First, they object to the Court's finding that a jury could infer that Austin advised SGS of the most advantageous timing of his move to capture Target's business. Second, they object to the finding that a jury could infer Austin provided salary and compensation information on his team prior to leaving Cenveo. Third, they object to the finding that a jury could infer Austin gave SGS information on the equipment needed to do the type of work for the Target account. Before addressing each challenge, the Court notes that a sufficient showing by plaintiff on any one of these facts would support a denial of summary judgment on the claim for breach of the duty of loyalty. *Rehab. Specialists, Inc. v. Koering,* 404 N.W.2d 301, 304 (Minn. Ct. App. 1987)

---

[1] A full factual background is available in the Court's Order and for the purposes of this Order, the Court presumes familiarity. (*See* Order, Docket No. 302.)

(an employee's duty of loyalty prohibits an employee from competing with the employer while still employed).

First, as to the finding that Austin advised SGS as to the most advantageous timing of his move, the Court cited the deposition of SGS's Human Resources Manager Kathryn Langan.  (Order at 4, Docket No. 302.)  According to SGS, the fact of the timing advice was asserted by Cenveo's counsel and therefore is inadmissible for lack of personal knowledge.  The deposition includes the following exchange regarding Austin's move to SGS:

> Q: Do you see where it says, "October or January" on these [meeting] notes?
>
> A: Yes. Yes.
>
> Q: Was there a discussion that it would be easiest to move the Target work if it occurred in October or in January; do you recall that being discussed?
>
> A: **I do believe having a discussion, there was a discussion about that**.
>
> Q: That Mike Austin said it would be easiest to move the work if it was in October or January? . . . .
>
> A: I believe that was when he would like to start.
>
> Q: Okay. And –
>
> A: In October or January.
>
> Q: And you said - - you also said at that time that would be time when it would be easiest to move the work; right?  You just said a moment ago?
>
> A: I believe so.

(Decl. of Richard S. Busch, June 17, 2010, Dep. of Kathryn Langan, Nov. 18, 2009, Ex. 14 at 83-84, Docket No. 232 (emphasis added) (stricken objection omitted).)

Langan, the witness, testified about meetings in which she participated and therefore had personal knowledge.

The case cited by defendants in support of their position concerned a declaration of an attorney as to the authentication of emails between other people, of which he had no personal knowledge. *Docken v. Minnesota*, No. 08-4952, 2011 WL 359143, at *4 (D. Minn. Feb. 1, 2011). The Court found those emails inadmissible since the affiant had no personal knowledge as to their authenticity. *Id.* Here, the record evidence comes from the deposition of Langan and conducted by Busch, attached to his affidavit asserting the accuracy of the transcript. While Busch may not have had personal knowledge of the fact involved in the question, he was deposing a witness who did, and who offered an affirmative answer. This authentication is sufficient and the evidence is admissible for the underlying inference. Additionally, Bill Klocke in his deposition confirmed the same information. (Busch Decl., Dep. of William Klocke, Feb. 23, 2010, Ex. 6 at 154-55, Docket No. 232.) The Court finds a jury could infer from Langan's answers and other witnesses' testimony currently in the record that Austin and SGS planned the timing of his departure to plaintiff's disadvantage.

Next, defendants challenge the term sheet supporting the fact that Austin provided salary and compensation information prior to leaving Cenveo as lacking foundation. Even assuming the term sheet lacks the proper foundation, defendants failed to lodge an evidentiary objection in their reply brief or at the hearing on the motion. *See Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) ("The court is not required to review large quanta of evidence to ferret out inadmissible statements. Rather, Federal

Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken."). Furthermore, the record is replete with other evidence supporting the fact that Austin did provide SGS with compensation information for many of the contested employees. (*See, e.g.*, Busch Decl., Dep. of John O'Donnell, Dec. 1, 2009, Ex. 5 at 56, Docket No. 232 ("Q: Are you aware of Mike Austin supplying to anyone at SGS the salaries of . . . Cenveo employees? A: I'm aware that he had a list.  Q: And . . . did he supply it to you?  A: He showed it to me.  Q: Did he supply it to anybody else?  A: Bill Klocke."); *id.* Klocke Dep., Ex. 6 at 202 (describing the compensation of Cenveo employees consistent with the term sheet cited by the Court).) Therefore, the Court finds the record sufficiently supports this fact for the purposes of denying summary judgment.

Third, defendants object to the factual finding that Austin supplied information on the types of equipment that SGS would need to handle the Target work. The objection centers on whether this information would have been useful to SGS. However, whether the information was useful to SGS does not address whether supplying such information constituted a breach of the duty of loyalty. Even if such information could be considered commonly known in the industry, an inquiry regarding the duty of loyalty focuses on whether the employee engaged in behavior that constitutes competing with his current employer. *Rehab. Specialists, Inc.*, 404 N.W.2d at 304. The Court finds that providing such information supports a finding that the employee crossed that line sufficient to deny

summary judgment on the claim. Defendants are free to argue to a jury the weight of its importance.

In sum, the Court finds no error in its determination that the record supported the factual conclusions necessary to deny summary judgment on the claim. Certainly, the issues highlighted by defendants do not constitute the requisite "extraordinary circumstances" for a motion to reconsider. *Dale & Selby Superette & Deli*, 838 F. Supp. at 1348.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' request for leave to file a motion for reconsideration [Docket No. 303] is **DENIED**.

DATED: May 4, 2011                          s/ John R. Tunheim
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                            United States District Judge