## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CENVEO CORP., | Civ. No. 08-5521 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION** |
| SOUTHERN GRAPHIC SYSTEMS, INC., MIKE AUSTIN, SHAWN AUSTIN, TOM AUSTIN, PAUL PEDERSON, EMILY RYAN, and SUSAN SPEARS, | |
| Defendants. | |

Richard S. Busch, **KING & BALLOW LAW OFFICES**, 315 Union Street, Suite 1100, Nashville, TN 37201; Jonathan S. Parritz and Leora Maccabee, **MASLON EDELMAN BORMAN & BRAND, LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402 for plaintiff;

Frederick E. Finch and Jeffrey R. Mulder, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707 for defendants.

On March 25, 2011, the Court issued its order on defendants' motion for summary judgment, granting it in part and denying it in part. (Docket No. 302.) The Court then denied defendants' request for reconsideration of that order. (Docket No. 309.) On May 4, 2011, the Court affirmed the Magistrate Judge's recommendation denying plaintiff Cenveo Corporation ("Cenveo") leave to amend for punitive damages. (Docket No. 308.) Cenveo now requests leave to file a motion to reconsider that order based on the Court's holding in the summary judgment order. However, the standard of proof for summary judgment is different than that to amend for punitive damages – at summary

judgment all factual disputes are taken in a light most favorable to the non-movant whereas to amend for punitive damages no such deference is given to the asserted facts. As a result, the factual predicate to deny summary judgment to defendants does not necessarily support plaintiff's amendment for punitive damages, as plaintiff suggests.

A motion to reconsider under Local Rule 7.1(h) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(h). A motion to reconsider should not be employed "to relitigate old issues," but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (internal quotation marks omitted) (noting that such a motion is warranted when "evidence has been admitted or excluded improperly, evidence has been newly discovered, or improper actions of counsel have affected the outcome of the case.").

Plaintiff requests reconsideration, arguing that the facts utilized by the Court to deny summary judgment are sufficient to support an amendment of the complaint to plead punitive damages. However, a court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In contrast, to amend for punitive damages, the moving party must demonstrate "by clear and convincing evidence" that it is entitled to allege such damages. Minn. Stat. § 549.20.

Drawing all reasonable inferences in favor of the plaintiff is not the equivalent of a showing of "clear and convincing" evidence by the plaintiff.  If it were, every denial of summary judgment to a defendant would be sufficient for a plaintiff to amend for punitive damages.  This holding would eliminate any practical difference between the two standards.

The Court finds no error in its determination that the record supported the factual conclusions necessary to deny summary judgment to defendants on some claims, while at the same time did not provide clear and convincing evidence of a right to amend for punitive damages.  Further, to allow a motion to reconsider would only function to relitigate issues already determined by the Magistrate Judge and affirmed by the Court.  *See Dale & Selby Superette & Deli*, 838 F. Supp. at 1348.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff Cenveo Corporation's request for leave to file a motion for reconsideration [Docket No. 311] is **DENIED**.

DATED:  July 1, 2011  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge